**RABINOWITZ, BOUDIN, STANDARD, KRINSKY & LIEBERMAN, P.C.**
ATTORNEYS AT LAW
111 BROADWAY, ELEVENTH FLOOR
NEW YORK, NY 10006-1901

TELEPHONE (212) 254-1111

VICTOR RABINOWITZ (1911-2007)
LEONARD B. BOUDIN (1912-1989)

FACSIMILE (212) 674-4614

www.rbskl.com

MICHAEL KRINSKY
ERIC M. LIEBERMAN
DAVID B. GOLDSTEIN
CHRISTOPHER J. KLATELL

LINDSEY FRANK

COUNSEL

LEONARD I. WEINGLASS
DEBRA EVENSON
TERRY GROSS
CRAIG KAPLAN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
JUN 0 2 2008

## MEMO ENDORSED

MICHAEL KRINSKY
212 254 1111 Ext. 102
mkrinsky@rbskl.com

May 30, 2008

By FAX to (212) 805-0426

Honorable Laura Taylor Swain
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: *E.T.I. Euro Telecom International N.V. v. Republic of Bolivia and Empresa Nacional de Telecomunicaciones Entel S.A.*, Civil Action No. 08-CV-4247 (LTS)

Dear Judge Swain:

    On behalf of Empresa Nacional de Telecomunicaciones Entel S.A. ("Entel"), we respectfully request permission to file a memorandum of law up to 40 pages in length in opposition to plaintiff's motion, dated May 12, 2008, to confirm the *ex parte* order of attachment issued by the Court on May 5, 2008.

    Entel received the order of attachment and the plaintiff's motion to confirm in La Paz, Bolivia on May 19, 2008 (by Federal Express delivery). The parties have submitted a stipulation to the Court agreeing that Entel and the Republic of Bolivia would each file oppositions on this coming Tuesday, June 3, and plaintiff's reply papers would be due June 9, 2008 (thus mooting a controversy as to whether, as Entel and the Republic of Bolivia maintained, their oppositions were due on June 3 under the Court's order in any event or, as plaintiff maintained, May 30).

    Entel is Bolivia's principal telecommunications company. Under the Court's order, Entel's funds at three New York banks, totaling (according to plaintiff) approximately $35,884,000, have been attached. In an action filed in London shortly after this action, plaintiff

Honorable Laura Taylor Swain
May 30, 2008
Page 2

obtained an ex parte restraint of Entel's accounts in London. We are advised that, together, the two ex parte orders have frozen most of Entel's hard currency funds.

Plaintiff is the wholly-owned Dutch subsidiary of an Italian telephone company. It seeks to confirm the ex parte attachments on its "Complaint For Order of Attachment In Aid of International Arbitration." The international arbitration in question is the Request for Arbitration submitted by plaintiff to the International Centre for the Settlement of Investment Disputes, established by a multinational Convention. In that Request, plaintiff has named the Republic of Bolivia, but not Entel, as respondent. In its Request, plaintiff alleges that the Republic of Bolivia has violated the Bilateral Investment Treaty between Bolivia and the Netherlands, and seeks relief against the Republic of Bolivia for breach of that treaty.

In its opposition, Entel will present arguments, *inter alia*, that several provisions of the United States' Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et. seq.*, preclude the requested attachments, including section 1610(d)'s prohibition against pre-judgment attachment of the property of a foreign sovereign's "agency or instrumentality;" that the Convention On the Settlement of Investment Disputes Between States and Nationals of Other States (the "ICSID Convention"), 17 U.S.T.1270, 575 U.N.T.S. 15, precludes the requested attachments; and that governing United States legal principles and precedent preclude Entel and its property being held responsible for the debts and obligations of the Republic of Bolivia, including any ICSID arbitral award against the Republic of Bolivia.

Entel believes that a memorandum of law up to 40 pages in length is required for it to appropriately address these and the other issues raised by the requested attachments, particularly given their importance and number. Accordingly, enlargement of Entel's brief up to 40 pages is requested.

We have consulted with counsel for plaintiff in order to obtain consent, and have been authorized to represent that plaintiff takes no position on this request.

Counsel for the Republic of Bolivia consents to this request.

Respectfully submitted,

Michael Krinsky

Request granted.

SO ORDERED.

/s/ 6/2/08
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

cc:   Robert L. Sills
      Steven J. Fink
      Orrick, Herrington & Sutcliffe LLP
      Counsel for Plaintiff
      By FAX to (212) 506-5151