

# FOLEY
# HOAG LLP
ATTORNEYS AT LAW



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: JUN 3 0 2008

Paul S. Reichler
Washington, DC Office
202.223.1200
jhbrennan@foleyhoag.com

June 25, 2008

<u>Via Fax: (212) 805-0426</u>

**MEMO ENDORSED**

Honorable Laura Taylor Swain
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *E.T.I. Euro Telecom International N.V. v. Republic of Bolivia and Empresa Nacional de Telecomunicaciones Entel S.A.*, Civil Action No. 08-CV-4247 (LTS/FM)

Dear Judge Swain:

  The undersigned are counsel to, respectively, Defendant the Republic of Bolivia and Defendant Empresa Nacional de Telecomunicaciones Entel S.A. (ENTEL) in the above-captioned action. Each Defendant respectfully requests leave to file a sur-reply memorandum by Thursday, July 3, 2008.

  The Plaintiff is the moving party in this matter. Nonetheless, it was not until Plaintiff filed its reply brief on Monday evening (June 23rd) that it advanced the theory upon which it seeks to attach the assets of ENTEL in aid of an arbitration against the Republic of Bolivia only, and addressed the other fundamental issues in this proceeding. We respectfully suggest that fundamental fairness requires that the Republic of Bolivia and ENTEL be provided the opportunity to submit sur-reply memoranda in these circumstances, and to allow for adequate briefing. This is especially important given that this case involves Defendants that are a sovereign state and its majority-owned subsidiary, and implicates the Foreign Sovereign Immunities Act, several treaties to which the United States is a party, and the issue of nationalization.

  By way of example, and without limitation, Plaintiff announced for the first time in its reply brief that what it is seeking to do is attach ENTEL's asserted *tax debt* to the Republic of Bolivia. There was not a word of this in Plaintiff's opening brief. Indeed, Plaintiff took an entirely different position, which it has now abandoned (presumably in the face of Defendants' showing that it was untenable) that ENTEL was responsible for the debts of Bolivia as its alter ego. *See, e.g.*, P. Opening Memorandum at p. 23.

B1085503

Copies ~~mailed~~ faxed to Counsel 6/27/08
Chambers of Judge Swain

1875 K Street, NW / Suite 800 / Washington, DC 20006-1238 / TEL: 202.223.1200 / FAX: 202.785.6687
Foley Hoag LLP  BOSTON  WASHINGTON, DC  www.foleyhoag.com

Honorable Laura Taylor Swain
June 25, 2008
Page 2

      Similiarly, Plaintiff argued for the first time in its reply brief that the Republic of Bolivia's decree and ministerial directive transferring ownership of ETI's shares to the Bolivian Government violated Bolivian law and should not be recognized by this Court. As a result, plaintiff argues, Bolivia should not be considered the majority owner of ENTEL's shares, and therefore ENTEL is not an "agency or instrumentality" of Bolivia entitled to the protection of the Foreign Sovereign Immunities Act ("FSIA") and its prohibition against pre-judgment attachment in the absence of an explicit waiver of immunity and other factors. Plaintiff, in short, did not previously advance the argument that it now asserts as the reason why the FSIA's prohibion on pre-judgment attachment, which Plaintiff concedes in its reply brief is otherwise dispositive, is not applicable.

      Indeed, Plaintiff did not mention the FSIA in its opening memorandum at all, despite the Supreme Court's and the Second Circuit's clear mandate that the FSIA is the exclusive source of jurisdiction over all actions involving foreign sovereigns and their agencies and instrumentalities in the U.S. courts. As a result, the FSIA-related arguments advanced by Plaintiff in its reply are the first time it has taken a position on this dispositive statute.

      Similarly, Plaintiff has raised new arguments that the prohibition of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention") against national courts' issuance of pre-arbitral award remedies is inapplicable because "the equitable doctrines of waiver and estoppel preclude Bolivia and Entel from invoking the ICSID exclusivity provisions."

      The Republic of Bolivia and ENTEL also respectfully request leave to file memoranda of no more than 15 pages each in length, instead of the 10 pages provided for in Your Honor's individual rules.

      Counsel for Plaintiff has authorized us to represent to the Court that "we take no position on your request to the extent that you [Defendants] seek leave to respond to arguments not previously addressed in your papers. We oppose any request to file a sur-reply with respect to any issues previously addressed in your papers."

      Almost all of Defendants' sur-reply memoranda would "respond to arguments not previously addressed in [Plaintiff's] papers," such as the issues described above. To that extent, Plaintiff does not assert an objection to Defendants' submission of sur-reply memoranda.

      Defendants would additionally address a few issues that may have been discussed in their respective oppositions to Plaintiff's motion to confirm, but that were not addressed by Plaintiff in its opening brief, despite their obvious relevance to this proceeding. Since Plaintiff is the moving party and out of fairness and normal practice, Defendants should have the opportunity of responding to the moving party's position on

D108550.3

Honorable Laura Taylor Swain
June 25, 2008
Page 3

all issues, and this can only be accomplished in the present circumstances through sur-reply memoranda.

Respectfully submitted,

*[signature]*

Paul S. Reichler
Janis H. Brennan
Foley Hoag LLP
*Counsel to the Republic of Bolivia*

*[signature]* Michael Krinsky (jhb)

Michael Krinsky
Rabinowitz, Boudin, Standard,
    Krinsky & Lieberman, P.C.
*Counsel for Defendant Empresa Nacional de Telecomunicaciones Entel S.A.*

cc:  Robert L. Sills
     Steven J. Fink
     Orrick, Herrington & Sutcliffe LLP
     Counsel for Plaintiff
     Facsimile: (212) 506-5151
     By email to: rsills@orrick.com

The requests are granted.

SO ORDERED.

*[signature]* 6/27/2008

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

D108550.3