Michael Krinsky (MK4503)
Eric M. Lieberman (EL 4822)
RABINOWITZ, BOUDIN, STANDARD,
  KRINSKY & LIEBERMAN, P.C.
111 Broadway, 11th Floor
New York, New York 10006
Telephone:  (212) 254-1111
Facsimile:   (212) 674-4614

Terry Gross (TG 3249)
GROSS BELSKY ALONSO LLP
180 Montgomery Street, # 2200
San Francisco, California 94104
Telephone:  (415) 514-0200
Facsimile:   (415) 544-0201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| E.T.I. EURO TELECOM INTERNATIONAL, N.V., <br><br> Plaintiff, <br><br> v. <br><br> REPUBLIC OF BOLIVIA, and EMPRESA NACIONAL DE TELECOMUNICACIONES ENTEL, S.A., <br><br> Defendants. | Case No. 08-cv-4247 (LTS/FM) |

---

**THIRD DECLARATION OF ALEJANDRO SALINAS VILELA IN SUPPORT
OF DEFENDANT EMPRESA NACIONAL de TELECOMUNICACIONES
ENTEL S.A.'s OPPOSITION TO MOTION TO CONFIRM
*EX PARTE* ORDER OF PREJUDGMENT ATTACHMENT**

Of Counsel:
Jules Lobel
3900 Forbes Avenue
Pittsburgh, PA  15260

Adam Belsky
Gross Belsky Alonso LLP

Michael Krinsky (MK4503)
Eric M. Lieberman (EL 4822)
RABINOWITZ, BOUDIN, STANDARD,
  KRINSKY & LIEBERMAN, P.C.
111 Broadway, 11th Floor
New York, New York 10006
Telephone: (212) 254-1111
Facsimile: (212) 674-4614

Attorneys for Empresa Nacional de
Telecomunicaciones Entel, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

E.T.I. EURO TELECOM
INTERNATIONAL, N.V.,

        Plaintiff,

v.

REPUBLIC OF BOLIVIA, and
EMPRESA NACIONAL DE
TELECOMUNICACIONES ENTEL, S.A.,

        Defendants.

Case No. 08-cv-4247 (LTS)

---

### DECLARATION OF DR. ALEJANDRO SALINAS VILELA

DR. ALEJANDRO SALINAS VILELA declares the following to be true and correct under penalty of perjury under the laws of the United States:

1.    I am the Manager of the Legal Department at the Empresa Nacional de Telecomunicaciones, S.A. ("ENTEL"), and have held this position since May 13, 2008. I am a lawyer and a member of the National Bar Association of Bolivia and of the Bar of La Paz. I am a Professor of Regulatory and Hydrocarbon Law at the Bolivian Catholic

University School of Law in La Paz, Bolivia. I received my law degree in 1998 from the Bolivian Catholic University School of Law. I received a degree entitled Specialization in Administrative Law (which is equivalent to a master's degree) from Simon Bolivar University in La Paz, Bolivia in 1999. I received a M.A. in International Business Law from University of Francisco de Vittoria in Madrid, Spain, in 2002. I received a Postgraduate Degree in Law in public services from Castilla La Mancha University in Toledo, Spain in 2004. I submit this declaration in opposition to the Motion to Confirm Order of Attachment filed by E.T.I. Euro Telecom International N.V. ("ETI").

    2.    On October 2, 2006, the Bolivian National Tax Service issued an Administrative Resolution that ENTEL owed 226,748,761 Bolivianos in taxes and 207,723,981 Bolivianos in penalties and interest (which was approximately US$26,000,000 in taxes and US$30,000,000 in penalties and interest at the then-current exchange rate). This Administrative Resolution was based on the Bolivian National Tax Service's assertion that a distribution in October 2005 by ENTEL to ENTEL's shareholders as a return on capital of 3,202,247,000 Bolivianos (approximately US$400,000,000 (including to ETI the sum of 1,601,123,500 Bolivianos (approximately US$200,000,000)) was a distribution of dividends and not a return on capital, and thus was taxable.

    3.    Shortly thereafter, ENTEL filed a complaint with the Bolivian courts challenging the determination of the Bolivian National Tax Service in its entirety. At the time, ENTEL was under the control of the plaintiff ETI.

    4.    ENTEL has not withdrawn its complaint, either before May 1, 2008, or after May 1, 2008. This matter is currently pending before the Bolivian Supreme Court of Justice, and ENTEL is awaiting its decision.

    5.    ENTEL has not acknowledged the validity of the asserted tax debt, penalties or interest; has not made any settlement with the Bolivian National Tax Service concerning same; has not established any schedule with the Bolivian National Tax

Service for the payment of the asserted taxes or penalties; and has made no payment of any part of the asserted taxes or penalties.

6. On May 2, 2008, the Bolivian National Tax Service, by Administrative Resolution, froze ENTEL's bank accounts in Bolivia due to ENTEL's refusal to pay the tax debt, penalty and interest.

7. On May 29, 2008, by Administrative Resolution, the Bolivian National Tax Service suspended its freezing of ENTEL's Bolivian bank accounts, basing this on a determination that the suspension was in the public interest. The Resolution does not recite any acknowledgment by ENTEL of the validity of the asserted tax debt, penalties, or interest, or any agreement by ENTEL as to their payment, and there was no such acknowledgment or agreement. A true copy of this Resolution, with English translation, is attached as Exhibit A to this Declaration.

8. This unfreezing did not resolve or purport to resolve ENTEL's complaint challenging the asserted tax debt, penalties, and interest, or the dispute over same.

9. When ENTEL's Bolivian bank accounts were frozen between May 2-29, 2008, the Bolivian banks sent to the Bolivian National Tax Service checks or transfers that were received into those accounts totaling approximately 10,000,000 Bolivanos (approximately US$1,400,000 at the current exchange rate of 7.2 Bolivianos per U.S. dollar), and the Bolivian National Tax Service impounded those funds.

10. Since then, ENTEL has requested that the Bolivian National Tax Service return these funds to ENTEL, and that request is still pending.

11. As indicated by the fact that ENTEL has not withdrawn its petition in the Bolivian Supreme Court, ENTEL continues to contest the validity of the assessment of taxes, interest and penalties.

12. The plaintiff has attached to its papers a newspaper article in *El Diario* on May 29, 2008 reporting that ENTEL had made a prepayment of approximately 60,000,000 Bolivianos (approximately US$8,300,000 at the current exchange rate) of the

3

asserted tax debt and had admitted the tax liability (described in Sills Declaration ¶ 20 and Ex. 13). This report is not true.

13. Aside from the aforesaid Administrative Resolution asserting US$26,000,000 in taxes and US$30,000,000 in penalties and interest, the Bolivian National Tax Service has not issued any Administrative Resolution asserting additional taxes due or penalties or interest. To the extent the Plaintiff has asserted otherwise, it is incorrect.

14. The requirement for ENTEL to pay these disputed taxes, penalties and interest to the Bolivian National Tax Service is currently suspended, pending the outcome of ENTEL's appeal to the Bolivian Supreme Court.

15. In the event that the New York court issued an order garnishing ENTEL's potential tax obligation to the Bolivian National Tax Service, and debiting ENTEL's bank accounts in New York for the amount of this potential debt, ENTEL would be subject to double liability, because the Bolivian National Tax Service would not recognize that a foreign court could issue an order directing that an entity that owed taxes to the Bolivian National Tax Service pay this amount instead to some other party.

16. Moreover, it is my understanding that under Bolivian law, neither the Bolivian National Tax Service nor the Bolivian State has the authority to or may legally assign or transfer the right to receive the taxes, interest and penalties assertedly owed to the National Tax Service by ENTEL, so that ENTEL could make the payment to any entity other than the National Tax Service, and that this is true generally for taxes owed to the National Tax Service.

Executed on July 1, 2008, in Brussels, Belgium.

_____
ALEJANDRO SALINAS VILELA

# EXHIBIT A

NATIONAL TAXES<br>[LOGO]

ADMINISTRATIVE RESOLUTION No. 15-03-01/08

La Paz, [illegible]

SEEN AND CONSIDERING:

That article 109 of Law No. 2492 of August 2, 2003, establishes the cases in which the execution of taxes may be suspended immediately.

That pursuant to that stipulated by paragraph III of Article 35 of Supreme Decree No. 27310 of January 9, 2004, and even when a sufficient guaranty was not established for the tax debt, <u>for reasons of Public Interest,</u> the Administration may suspend the execution of taxes on its own or upon request of the subject or a liable third party, having to establish <u>the reason, the period of suspension and the measures</u> that will be taken to make payment of the debts (the underlining is ours).

That the tax execution initiated by the GRACO Management La Paz, was carried out prior to the issuance of Supreme Decree No. 29544 of May 1, 2008, because of lack of knowledge of the decision by the Bolivian State to proceed with the Nationalization of the share package of the capitalizer ETI EUROTELECOM INTERNATIONAL NV in ENTEL S.A.

That Supreme Decree No. 29544 of May 1, 2008, in its Article 2 stipulates the nationalization of the whole shareholder package of the capitalizer ETI EUROPTELECOM INTERNATIONAL NV in ENTEL S.A., transferring the shares of this capitalizing company to the Bolivian State under the transitory ownership of the Ministry of Public Works, Services and Housing while the transformation of the legal nature of ENTEL S.A. to ENTEL S.A.M. is carried out.

That pursuant to Report DTJCC-ACC-I-0181/2008 of May 26, 2008 and CITE:GNTJCC/DTJ/OF. No.261/2008, issued by the Technical Legal Department of Collection of the Graco Management La Paz and the National Technical Legal, Litigation and Collection Management, respectively, it is appropriate to apply paragraph III of Article 35 of the D.S. No. 27310, considering that the Supreme Decree No. 29544 of May 1, 2008 declared the company ENTEL S.A. to be of public interest.

That in strict observance of that established in paragraph III of Art. 35 of Supreme Decree No. 27310, the retention of funds imposed by Note NJTCC-GRACO-ACC-M-078/08 of April 24, 2008, should be temporarily suspended until the Legal Status of the enterprise ENTEL S.A. is defined, except if as a consequence of the inactivity of the same, the Tax Administration is at risk with respect to the payment of the mentioned debt, issuing to that effect the present resolution.

BOLIVIA
NATIONAL TAX SERVICE
Management of Large Contributors – La Paz

THEREFORE:

The GRACO Management La Paz, subject to that stipulated in paragraph III, Article 35 of Supreme Decree No. 27310,

RESOLVES:

FIRST ARTICLE (MOTIVE AND TIME PERIOD) To temporarily suspend the retention of funds stipulated by note DJTCC-GRACO-ACC-M-078/08 of April 24, 2008 and executed on April 25, 2008, for reason of public interest, a concept recognized by paragran III) of Art. 35 of Supreme Decree No. 27310, until the Legal Status of the enterprise ENTEL S.A. is defined pursuant to Article 2 of Supreme Decree No. 29544, dated May 1, 2008, except if an eventual risk to Tax Administration occurs with respect to the payment of the referred to debt, because of the continuation of the referred to measure.

ARTICLE SECOND (ALTERNATIVE MEASURES) The preventive annotation of the assets that are in the name of the enterprise ENTEL S.A. as an alternative measure should be carried out pursuant to that set forth in paragraph III of Article 35 of D.S. No. 27320.

It should be so registered, communicated and filed.

[signature]                          [signature]

31-MAY-2008 15:32    DE:                                    A:001013055036599    P:2

IMPUESTOS NACIONALES

## RESOLUCION ADMINISTRATIVA N° 15-03-01/08

La Paz,

**VISTOS Y CONSIDERANDO:**

Que el artículo 109 de la Ley N° 2492 de 2 de agosto de 2003 establece los casos en los cuales la ejecución tributaria puede ser suspendida de forma inmediata.

Que conforme a lo dispuesto por el parágrafo III del Artículo 35 del Decreto Supremo N° 27310 de 9 de enero de 2004, y aún cuando no se hubiera constituido garantía suficiente sobre la deuda tributaria, la Administración podrá suspender la ejecución tributaria de oficio o a solicitud del sujeto pasivo o tercero responsable por razones de Interés Público, debiendo establecer el motivo, el tiempo de suspensión y las medidas que serán ejecutadas para viabilizar el cobro de la deudas (el subrayado es nuestro).

Que la ejecución tributaria iniciada por la Gerencia GRACO La Paz, fue realizada con anterioridad a la emisión del Decreto Supremo N° 29544 de 1 de mayo de 2008, por consiguiente en desconocimiento de la decisión del estado boliviano de proceder a la Nacionalización del paquete accionario de la capitalizadota ETI EUROTELECOM INTERNATIONAL NV en ENTEL S.A.

Que el Decreto Supremo N° 29544 de 1 de mayo de 2008 en su Artículo 2 dispone la nacionalización de la totalidad del paquete accionario de la capitalizadora ETI EUROTELECOM INTERNATIONAL NV en ENTEL S.A., debiendo las acciones de esta empresa capitalizadora ser transferidas al Estado boliviano bajo la titularidad transitoria del Ministerio de Obras Públicas, Servicios y Vivienda mientras se realice la transformación de la naturaleza jurídica de ENTEL S.A. a ENTEL S.A.M.

Que de acuerdo á Informe DTJCC-ACC-I-0181/2008 de 26 de mayo de 2008 y CITE:GNTJCC/DTJ/OF.N°261/2008, emitidos por Departamento Jurídico Tecnico de Cobranza de la Gerencia Graco La Paz y la Gerencia Nacional Jurídico Técnico, Contencioso y de Cobranza respectivamente, procede la aplicación del paragráfo III del Artículo 35 del D.S. N° 27310, considerando que el Decreto Supremo N° 29544 de 1 de mayo de 2008 declaró de interés público a la empresa ENTEL S.A.

Que en estricta observancia de lo establecido en el parágrafo III) del art. 35 del Decreto Supremo No. 27310, corresponde suspender temporalmente la retención de fondos impuesta mediante Nota DJTCC-GRACO-ACC-M-078/08 de 24 de abril de 2008, hasta la definición del Status Jurídico de la empresa ENTEL S.A., salvo que como consecuencia de la inactividad de la misma se encuentre en riesgo la Administración Tributaria respecto al cobro del referido adeudo, emitiéndose al efecto la presente resolución.



31-MAY-2008 15:32   DE:                                          A:0010130550336599      P:3



**BOLIVIA**
SERVICIO DE IMPUESTOS NACIONALES
Gerencia de Grandes Contribuyentes - La Paz

**POR TANTO:**

La Gerencia GRACO La Paz, en sujeción a lo dispuesto en el parágrafo III, Artículo 35 del Decreto Supremo N° 27310,

**RESUELVE:**

**ARTICULO PRIMERO (MOTIVO Y PLAZO)** Suspender temporalmente la retención de fondos dispuesta mediante nota DJTCC-GRACO-ACC-M-078/08 de 24 de abril de 2008 y ejecutada el 25 de abril de 2008, por razones de interés público, conceptualización reconocida por el parágrafo III) del art. 35 del Decreto Supremo No. 27310 hasta la definición del Status Jurídico de la empresa ENTEL S.A. de acuerdo al Artículo 2 del Decreto Supremo N° 29544 de fecha 1 de mayo de 2008, salvo que se produzca un eventual riesgo para la Administración Tributaria respecto al cobro del referido adeudo, debiendo en consecuencia proseguir con la referida medida.

**ARTICULO SEGUNDO (MEDIDAS ALTERNATIVAS)** Procédase a la anotación preventiva de los bienes que se encuentren a nombre de la empresa ENTEL S.A. en calidad de medida alternativa conforme lo previsto en el parágrafo III del Artículo 35 del D.S. N° 27310.

Regístrese, hágase saber y archívese.

Lic. Rita Maldonado H.
GERENTE GRACO LA PAZ a.i.
SERVICIO DE IMPUESTOS NACIONALES

La Paz - Calle Ballivián 1333, Fax: 2203928 Telf.: 2204411 - 2203737

**TransNet USA, Inc.**
235 West 102nd Street, Suite 2M
New York, NY 10025

STATE OF NEW YORK    )
                    )  ss.:
COUNTY OF NEW YORK  )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate rendition into ___English___ of ___Administrative Resolution No. 15-03-01/08___ written in ___Spanish___.

New York, June 25, 2008.

TransNet USA, Inc.

_____
Kamran Bayegan, President

Sworn to and subscribed before me on
June 25, 2008.

_____
SUSAN E. GEDDES
Notary Public
State of New York
No.: 01GE4642769
Qualified in Nassau County
Commission Expires:
31 August 2009