Michael Krinsky (MK4503)
Eric M. Lieberman (EL 4822)
RABINOWITZ, BOUDIN, STANDARD,
    KRINSKY & LIEBERMAN, P.C.
111 Broadway, 11th Floor
New York, New York 10006
Telephone:   (212) 254-1111
Facsimile:   (212) 674-4614

Terry Gross (TG 3249)
GROSS BELSKY ALONSO LLP
180 Montgomery Street, # 2200
San Francisco, California 94104
Telephone:   (415) 514-0200
Facsimile:   (415) 544-0201

*Attorneys for Empresa Nacional de Telecomunicaciones Entel S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| E.T.I. EURO TELECOM INTERNATIONAL, N.V., | : | |
| Plaintiff, | : | |
| | : | Case No. 08-cv-4247 (LTS/FM) |
| v. | : | |
| REPUBLIC OF BOLIVIA, and EMPRESA NACIONAL DE TELECOMUNICACIONES ENTEL, S.A., | : | **ORAL ARGUMENT REQUESTED** |
| Defendants. | : | |

---

**EMPRESA NACIONAL de TELECOMUNICACIONES ENTEL S.A.'s
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR ATTACHMENT IN AID OF INTERNATIONAL ARBITRATION**

Of Counsel:
Jules Lobel
3900 Forbes Avenue
Pittsburgh, PA  15260

Adam Belsky
Gross Belsky Alonso LLP

# TABLE OF CONTENTS

**Page**

Statement of the Case ................................................................................. 1

Argument ................................................................................................... 3

I. THE FOREIGN SOVEREIGN IMMUNITIES ACT REQUIRES
DISMISSAL OF THIS ACTION .................................................................. 3

    A. The FSIA Governs This Action .................................................. 3

    B. The FSIA Deprives the Court of Subject-Matter Jurisdiction ................... 6

    C. Plaintiff Does Not State a Claim for Which Relief Can Be
    Granted Because of the FSIA's Prohibition of Prejudgment
    Attachments ............................................................................ 10

II. THE ICSID CONVENTION REQUIRES DISMISSAL OF
THIS ACTION ........................................................................................ 10

III. THE COURT LACKS PERSONAL JURISDICTION OVER ENTEL ......... 11

IV. *BANCEC* REQUIRES DISMISSAL OF THE ACTION AGAINST
ENTEL .................................................................................................... 12

V. PLAINTIFF HAS FAILED TO MEET THE JURISDICTIONAL
AND OTHER REQUIREMENTS OF CPLR § 7502(c) ............................... 14

CONCLUSION ........................................................................................... 15

i

## TABLE OF AUTHORITIES

**<u>Cases</u>** ................................................................................<u>Page</u>

*Antares Aircraft, L.P. v. Federal Republic of Nigeria*, 948 F.2d 90
(2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992),
*reaff'd.* 999 F.2d 33 (2d Cir. 1993) ................................................ 5

*Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428 (1989) ......... 6

*Cabiri v. Govt. of the Republic of Ghana*, 300 F.3d 230 (2d Cir. 2002)................. 6

*Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012 (2d Cir. 1993) .......... 7, 11

*Delaware v. New York*, 507 U.S. 490 (1993)........................................................ 4

*De Letelier v. Republic of Chile*, 748 F.2d 790 (2d Cir. 1984)..................... 4, 8, 13

*Drexel Burnham Lambert Group, Inc. v. Committee of Receivers for
Galadari*, 12 F.3d 317 (2d Cir. 1993) ................................................ 6

*EM Ltd. v. Republic of Argentina*, 473 F.3d 463 (2d Cir. 2007)........................... 14

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*,
462 U.S. 611 (1983) ......................................................................12-14

*Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438
(D.C. Cir. 1990) ........................................................................... 5, 14

*Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984) .......... 12

*Hirsh v. State of Israel*, 962 F. Supp. 377 (S.D.N.Y. 1997) .................................. 6

*Reino de Espana v. American Bureau of Shipping, Inc.*, 328 F. Supp. 2d 489
492 (S.D.N.Y. 2004) ...................................................................... 7

*Reino de Espana v. American Bureau of Shipping*, 2006 U.S. Dist. LEXIS
49545 at *5-6 (S.D.N.Y. July 14, 2006) ......................................... 6

*Republic of Ecuador v. ChevronTexaco Corp.*, 376 F. Supp. 2d 334
(S.D.N.Y. 2005) ............................................................................ 7

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994) ............. 12

*Stephens v. National Distillers & Chem. Corp.*, 69 F.3d 1226 (2d Cir. 1995) ....... 6

*Texas v. New Jersey*, 379 U.S. 674 (1965)...........................................................4

*Transatlantic Shiffahrtskontor GmbH v. Shanghai Foreign Trade Co.*,
    204 F.3d 384 (2d Cir. 2000)..........................................................................7

*United States Fidelity and Guaranty Co. v. Braspetro Oil Services Co.*,
    1999 WL 307666 (S.D.N.Y. May 17, 1999), *aff'd.* 199 F.3d 94
    (2d Cir. 1999)..................................................................................5, 14

## **Statutes and Rules**

CPLR § 7502(c) ...................................................................................14, 15
Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et. seq.* ..................*passim*
22 U.S.C. § 1605(a)........................................................................................11
28 U.S.C. § 1330(a)......................................................................................6, 7
28 U.S.C. § 1330(b) ...................................................................................11, 12
28 U.S.C. § 1331 ............................................................................................11

## **Treaties**

Convention of the Settlement of Investment Disputes Between States
    and Nationals of Other States, 17 U.S.T. 1270, 575 U.N.T.S. 15............*passim*

Convention on the Recognition and Enforcement of Foreign
    Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 3....................................10, 11

## **Other Authorities**

11 Weinstein, Korn & Miller, *N.Y. Civil Practice* ¶ 5201.01 (2008).......................4

Empresa Nacional de Telecomunicaciones Entel S.A. ("ENTEL") respectfully submits this memorandum of law in support of its motion, made pursuant to Rule 12(b)(1), (2), and (6), Fed. R. Civ. P., to dismiss this action.

## Statement of the Case

By its "Complaint for Order of Attachment In Aid of International Arbitration," plaintiff seeks the pre-award, prejudgment attachment of the Republic of Bolivia's property to secure an award of damages it hopes to obtain against Bolivia in a pending arbitration before the International Centre for the Settlement of Investment Disputes ("ICSID"). In its Complaint, plaintiff also seeks the pre-award, prejudgment attachment of ENTEL's property to secure the same ICSID arbitral award against the Republic of Bolivia. ENTEL, a corporation organized and existing under the laws of Bolivia, Complaint ¶ 5, is not named as a respondent in the ICSID arbitration brought by plaintiff, Complaint ¶ 23, the Dutch, wholly-owned subsidiary of an Italian company. Complaint ¶4.

Plaintiff makes no other claim and seeks no other relief in its Complaint. It does not pray that the Court compel Bolivia to submit to the ICSID arbitration; it does not advance any substantive claims against Bolivia or ENTEL, including any prayer for compensation or other relief on account of the Republic of Bolivia's acts of expropriation and nationalization that plaintiff asserts in the ICSID arbitration to have violated the Netherlands-Bolivia investment treaty.

On May 5, 2008, plaintiff presented a proposed *ex parte* order of prejudgment attachment to Part I of this Court that would have authorized attachment of both Bolivia and ENTEL's property. Judge Chin, sitting in Part I, denied any authorization to attach Bolivia's property, crossing out "Republic of Bolivia" before signing the order. Yet, on its pending motion to

confirm the attachment of ENTEL's New York bank accounts, plaintiff has attempted to justify

its attachment of ENTEL's property exclusively on the ground that plaintiff actually seeks only

to attach a tax debt owed to the Bolivia, the arbitration respondent, by ENTEL. *See* Plaintiff's

Reply (dated June 23, 2008) at 16 ("Reply"), on motion to confirm the *ex parte* order of

attachment. This is contrary to Judge Chin's order, since a debt owed to Bolivia is the

Republic's property.

At the same time that it commenced this action and obtained an *ex parte* order of

attachment of ENTEL's New York bank accounts, plaintiff commenced a parallel action in

London, and similarly obtained an *ex parte* order freezing ENTEL's London bank account. *See*

Plaintiff's Memorandum (dated May 12, 2008) at 14 ("P. Mem."), on motion to confirm;

Declaration of Robert Sills (executed on May 12, 2008) at ¶6 and Ex. G, in support of plaintiff's

motion to confirm. Today, July 11, the High Court of Justice, Queen's Bench Division, vacated

the freeze of ENTEL's bank account. The same High Court Justice who had granted plaintiff's

*ex parte* application discharged the freeze upon the Republic of Bolivia and ENTEL's joint

application. The Court's judgment and opinion are not yet available.

ENTEL moves to dismiss the instant action for lack of subject matter jurisdiction, lack of

personal jurisdiction and failure to state a claim upon which relief can be granted. ENTEL

maintains, *inter alia*, that the Foreign Sovereign Immunities Act's prohibition against

prejudgment attachment, 28 U.S.C. § 1610(d), requires dismissal, since – as ENTEL has shown

and plaintiff has conceded – there is no explicit waiver, either by the Republic or ENTEL, of

their immunities under the FSIA from prejudgment attachment. ENTEL similarly maintains that

dismissal is required because the ICSID Convention[1] – to which the United States is a party –

---

[1] Convention of the Settlement of Investment Disputes Between States and Nationals of Other States, 17 U.S.T. 1270, 575 U.N.T.S. 15.

prohibits national courts from issuing pre-award relief, including attachments to secure a

possible ICSID arbitration award.

ENTEL has already briefed the grounds for dismissal of the Complaint in its opposition

to plaintiff's pending motion to confirm the *ex parte* order of prejudgment attachment of

ENTEL's New York bank accounts, issued on May 5, 2008. *See* ENTEL's Memorandum of

Law In Opposition, dated June 11, 2008 ("Opp."); and ENTEL's Sur-Reply, dated July 3, 2008

("Sur-Reply"). Rather than burden the Court with needless repetition, ENTEL will outline here

its grounds for Rule 12(b) dismissal and reference its prior briefs.

**ARGUMENT**

## I.   THE FOREIGN SOVEREIGN IMMUNITIES ACT REQUIRES DISMISSAL OF THIS ACTION

The Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et. seq.* ("FSIA") applies here,

both because plaintiff seeks to attach the Republic of Bolivia's property – that is, a tax debt

assertedly owed by ENTEL to the Republic – and because ENTEL itself comes within the

FSIA's protection as an "agency or instrumentality of a foreign state."  The FSIA prohibits

prejudgment attachments of the property of a foreign state or its instrumentalities unless there

has been an explicit waiver of their immunity from prejudgment attachment.  There is no such

waiver here; indeed, plaintiff neither alleges in its Complaint, nor argues on its motion to

confirm the *ex parte* order of attachment, there to be one.  For this and other reasons, the FSIA

requires dismissal of this action.

### A.   The FSIA Governs This Action

The FSIA applies here for two, independently sufficient reasons.

First, even though ENTEL is not a respondent in the ICSID arbitration, plaintiff's

complaint seeks an attachment of ENTEL's property in New York, *viz.*, several bank accounts, to

3

secure a possible ICSID arbitration award against the Republic of Bolivia. The complaint does

not allege facts or legal basis for holding ENTEL responsible for an arbitration award against

Bolivia. In its opening memorandum in support of its motion to confirm the *ex parte* order of

attachment issued here, plaintiff asserted that the New York garnishee banks "owe a debt to

Entel, and hence to Bolivia," the arbitration respondent. P. Mem. at 23. Thus, plaintiff's only

asserted basis for attaching ENTEL's assets was disregard of ENTEL's separate corporate status,

on an unexplained *alter ego* theory.

In its opposition, ENTEL showed that plaintiff's attempt to pierce the corporate veil

(whether on the ground that ENTEL was the Republic's *alter ego*, that the Republic treats

ENTEL's property as its own, or any other ground) *ipso facto* makes the FSIA applicable, since

the *Republic's* immunities then would be attributable to ENTEL and to ENTEL's property as a

matter of law, under the Second Circuit's decision in *De Letelier v. Republic of Chile*, 748 F.2d

790 (2d Cir. 1984). *See* Opp. at 4-5.

Confronted with *De Letelier,* plaintiff has abandoned its initial position as to why it might

be entitled to an attachment of ENTEL's property to secure a possible ICSID arbitration award

against the Republic of Bolivia. *See* Reply at 3, 15-17. Instead, plaintiff announced for the first

time in its Reply on the motion to confirm the *ex parte* order of attachment that what it is seeking

to do by this action is attach ENTEL's purported "[tax] debt owed to Bolivia." Reply at 16.

The FSIA applies to plaintiff's "debt" claim no less than to its abandoned *alter ego* or

other veil piercing claim. A debt assertedly owed to the Republic by ENTEL is the Republic's

property, not ENTEL's property. *See, e.g., Texas v. New Jersey,* 379 U.S. 674, 680 (1965) ("a

debt is property of the creditor, not of the debtor"); *Delaware v. New York,* 507 U.S. 490, 498,

503 (1993) (same); 11 Weinstein, Korn & Miller, *N.Y. Civil Practice* ¶ 5201.01 (debt owed to

judgment debtor is property of judgment debtor).  Every case addressing this issue (including

two leadings decisions in this District) has treated a debt owed to a foreign state as the foreign

state's property and therefore governed by the foreign state's FSIA immunities.  *See* Sur-Reply

at 1-5.

The second reason that the FSIA applies here is that ENTEL itself comes within the

FSIA's definition of an "agency or instrumentality," FSIA §1603(b).  This is so for three

independently sufficient reasons: a majority of its shares are owned by the Republic of Bolivia; a

majority of its "other ownership interest" is owned by the Republic of Bolivia; and  ENTEL is an

"organ" of the Republic of Bolivia.  *See* Opp. at 5-13; Sur-Reply at 5-11.[2]

Plaintiff's Complaint is silent as to the FSIA, and, in seeking to defend the *ex parte* order

of attachment, plaintiff has claimed that the FSIA does not apply here at all, despite the fact that

plaintiff sues a foreign sovereign; affirmatively asserts that the Republic nationalized ENTEL;

seeks an attachment to secure a possible arbitration award against the Republic; and justifies

attachment of ENTEL's bank accounts on the ground that it is really attaching the Republic's

property, that is, a debt owed to it by ENTEL.  Plaintiff's position is preposterous.  As shown,

the FSIA governs this action even if – as defendant maintains – the Court should disregard the

governmental acts transferring a majority interest in ENTEL to the Republic on the grounds that

those acts were ineffectual under and violated Bolivian law.  Further, the Court, under settled

Second Circuit and Supreme Court law, cannot disregard those governmental acts but is bound

---

[2] On a motion to dismiss under the Foreign Sovereign Immunities Act, courts are not confined to the
pleadings but must consider the entire record before it, and the defendants are entitled to show their
immunity by affidavits and other evidence. *See, e.g., Antares Aircraft, L.P. v. Federal Republic of
Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992), *reaff'd.* 999
F.2d 33 (2d Cir. 1993); *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C.
Cir. 1990); *United States Fidelity and Guaranty Co. v. Braspetro Oil Services Co.*, 1999 WL 307666 at *
1 (S.D.N.Y. May 17, 1999), *aff'd.* 199 F.3d 94 (2d Cir. 1999).

by them, and so must consider ENTEL itself to be an FSIA "agency or instrumentality" because of the Republic's ownership of a majority of its shares, as well as for other reasons. *See* Sur-Reply at 6-11.

**B.      The FSIA Deprives the Court of Subject-Matter Jurisdiction**

The FSIA is the exclusive source of subject-matter jurisdiction in an action against a foreign state or an "agency or instrumentality of a foreign state." 28 U.S.C. §§ 1330(a), 1604; *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 433 (1989). *See* Opp. at 29 and n.22. The FSIA, including its jurisdictional standards, apply to *all* proceedings against foreign states and their agencies and instrumentalities in the U.S. courts. The FSIA establishes "a 'comprehensive set of legal standards'… preempting other laws purporting to set forth rules for suits against foreign sovereigns." *Stephens v. National Distillers & Chem. Corp.*, 69 F.3d 1226, 1227 (2d Cir. 1995).

FSIA §1604 provides that:

> Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

It is the plaintiff's burden to identify an applicable exception to the immunity of a foreign state or its instrumentality from jurisdiction. *Reino de Espana v. American Bureau of Shipping*, 2006 U.S. Dist. LEXIS 49545 at *5-6 (S.D.N.Y. July 14, 2006) (Swain, J.) (*quoting Cabiri v. Govt. of the Republic of Ghana*, 300 F.3d 230, 241 (2d Cir. 2002) ("'the plaintiff has the burden of going forward with evidence showing that, under exceptions to the FSIA, immunity should not be granted'"); *Hirsh v. State of Israel*, 962 F. Supp. 377, 379-80 (S.D.N.Y. 1997) (citing *Drexel Burnham Lambert Group, Inc. v. Committee of Receivers for Galadari*, 12 F.3d 317, 325 (2d Cir. 1993) (same). If none of the exceptions applies, there is no subject matter jurisdiction in

a case against a foreign state or instrumentality. 28 U.S.C. §§1330(a), 1604; *Reino de Espana v. American Bureau of Shipping, Inc.*, 328 F. Supp. 2d 489, 492 (S.D.N.Y. 2004) (Swain, J.).

Plaintiff has not alleged or argued the applicability of an exception to immunity from subject matter jurisdiction under FSIA §§1604-1607. ENTEL has shown that none of the even arguably relevant exceptions to immunity in FSIA §1605 apply here. *See* Opp. at 30 (arbitration exception, FSIA §1605(a)(6), inapplicable because it is strictly limited to actions to compel arbitration or to confirm an arbitral award); Opp. at 30-32 (waiver exception); Opp. at 32-35 (nationalization exception).[3] In its Reply, plaintiff has not even tried to counter that showing.

Certainly nothing in §§1605-1607 even arguably creates subject matter jurisdiction for an action, such as the instant case, seeking a prejudgment attachment to secure a possible award in a pending arbitration proceeding, and nothing else. The arbitration exception, FSIA § 1605(a)(6), by its terms applies only to an action to compel an arbitration or to confirm an arbitral award, not to provide security for a future arbitration proceeding. Section 1605(a)(6) is "construed narrowly." *Transatlantic Shiffahrtskontor GmbH v. Shanghai Foreign Trade Co.*, 204 F.3d 384, 391 (2d Cir. 2000); *Cargill Int'l S.A. v. M/T Pavel Dybenko,* 991 F.2d 1012, 1017 (2d Cir. 1993) (§ 1605(a)(6) limited to actions to compel arbitration or enforce awards); *Republic of Ecuador v. ChevronTexaco Corp.*, 376 F. Supp. 2d 334, 364 (S.D.N.Y. 2005) ("By its terms, . . . [§ 1605(a) (6)] applies only to an action brought to enforce the arbitration agreement or confirm the arbitration award" and does not grant jurisdiction otherwise).

But even if subject matter jurisdiction could be stretched to encompass an action whose sole purpose is to obtain a prejudgment attachment, such jurisdiction by necessity would be limited to a prejudgment attachment that meets the strict requirements of FSIA §§1609 and 1610;

---

[3] FSIA § 1607 concerns counterclaims. FSIA § 1606 does not provide an exception to immunity but only concerns the extent of liability in actions for which there is no immunity under §§ 1605 and 1607.

plaintiff would have to demonstrate that the FSIA permits prejudgment attachments here in order to establish subject matter jurisdiction. *De Letelier v. Republic of Chile*, 748 F.2d at 793. That, plaintiff has failed to do; indeed, it has not even tried.

The FSIA prohibits prejudgment attachment of the property of a foreign state or the property of a foreign state's instrumentality unless there has been an *explicit* waiver of that immunity. FSIA §1610(d); *see* Opp. 3-4; 13-14. The prohibition is applicable here because, as shown, plaintiff seeks the attachment of the Republic's property (a debt owed to the Republic by ENTEL); it is also applicable because, as shown, ENTEL itself is an FSIA agency or instrumentality. Plaintiff has the burden of establishing an explicit waiver of immunity, *see* Opp. at 13-15, but did not plead an explicit waiver in its Complaint. Nor, in the face of ENTEL's showing that there has been no explicit waiver either by ENTEL or by the Republic (for itself or for ENTEL), Opp. at 13-17, did plaintiff argue to the contrary in its Reply, thus conceding the point. *See* Sur-Reply at 1. In any event, ENTEL has shown conclusively that there is no explicit waiver, and, as a result, the FSIA's prohibition of prejudgment attachment applies. The Court therefore lacks subject matter jurisdiction over this action, which is exclusively an action for an order of prejudgment attachment, and the action must be dismissed pursuant to Rule 12(b)(1), F.R.Civ.P.

In addition to requiring an explicit waiver, the FSIA prohibits prejudgment attachment unless the property of a foreign state or FSIA instrumentality that a plaintiff seeks to attach is property "used for a commercial activity in the United States." FSIA § 1610(d), *see* Opp. at 17-18. Here, the property that plaintiff seeks to attach, the tax debt allegedly owed Bolivia by ENTEL, is not property "used for a commercial activity in the United States." *See* Sur-Reply at 5 and n.5, citing uniform authority that taxes owed to a foreign state are not subject to attachment

or execution because they are not property "used for a commercial activity in the United States;" *see also* Opp. at 17-18.[4]  Even under plaintiff's original, now abandoned claim that it was seeking to attach the property of ENTEL as Bolivia's *alter ego*, the attached ENTEL property is not being used for a "commercial activity in the United States." *See* Opp. at 17-20.

Just as plaintiff cannot found jurisdiction on FSIA § 1605's exceptions to immunity from jurisdiction, it cannot found jurisdiction on the "international agreements" proviso of FSIA § 1604, which provides that "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act, a foreign state shall be immune from the jurisdiction of the courts of the United States ... except as provided in sections 1605 to 1607."

The ICSID Convention does not establish jurisdiction over an action for pre-award attachment of a state or an instrumentality's property to secure an ultimate ICSID award; to the contrary, the Convention *prohibits* a national court from issuing pre-award attachments. *See* Opp. at 15-17, 20-24, 31-32; Sur-Reply at 11-15.  Indeed, plaintiff does not dispute that the ICSID Convention bars national courts from issuing provisional relief, but only argues that ENTEL and the Republic cannot affirmatively use the Convention's prohibition as a shield against an otherwise valid claim for pre-award, prejudgment relief because of equitable estoppel and waiver arising from Bolivia's supposed failure to participate in the ICSID arbitration. *See* Reply at 24-29.

Whatever the merits of plaintiff's estoppel and waiver argument – and it has none – the argument has no relevance to subject matter jurisdiction:  plaintiff must show that the "international agreements" exception to immunity from jurisdiction (or a FSIA §1605 exception to immunity) is applicable here, and it cannot do so on the basis of the ICSID Convention, which

---

[4]  Nor is the tax debt even "property in the United States," as required by § 1610(a), since ENTEL, the debtor, is not subject to personal jurisdiction here, as shown below, and the debt is payable in Bolivia, not here.

does not provide such an exception for pre-ICSID award attachments. Further, as ENTEL has already shown, there is no basis in law or fact for plaintiff avoiding the affirmative prohibition of the ICSID Convention against pre-award attachments by national courts on grounds of equitable estoppel or waiver. *See* Sur-Reply at 11-14.[5]

Likewise, plaintiff cannot bring this action within the "subject to" proviso of FSIA §1604 on the basis of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 3. First, the New York Convention does not expressly conflict with the FSIA's prohibition of prejudgment attachments, as is required for the "subject to" proviso to be operative. Second, the New York Convention is inapplicable to ICSID arbitrations altogether, and thus cannot create jurisdiction for an action for a prejudgment attachment to secure a future ICSID award. *See* Opp. at 15-17, 24, 31-32; Sur-Reply at 14-15.

### C.    Plaintiff Does Not State a Claim for Which Relief Can Be Granted Because of the FSIA's Prohibition of Prejudgment Attachments

As explained, the FSIA's prohibition of prejudgment attachments is applicable here. Even if not viewed as a jurisdictional bar, the FSIA prohibition nonetheless requires dismissal of this action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

### II.    THE ICSID CONVENTION REQUIRES DISMISSAL OF THIS ACTION

The FSIA applies here, and therefore plaintiff must show subject matter jurisdiction under the FSIA, which it cannot do. This action must be dismissed under the FSIA, whether or not the ICSID Convention and federal implementing legislation otherwise would confer jurisdiction.

---

[5] The ICSID Convention is not a pre-FSIA enactment (1976) international agreement between the United States and Bolivia, which adhered to the ICSID Convention only in 1995 (www.worldbank.org/icsid). For that reason as well, the "subject to" proviso of FSIA § 1604 is inapplicable here.

Even were the FSIA inapplicable, the result would be the same. Far from providing jurisdiction to national courts to issue pre-arbitral award relief, including attachments or other conservatory measures, the ICSID Convention affirmatively precludes national courts from exercising such jurisdiction. Opp. at 15-17, 20-24; Sur-Reply at 11-15.[6]

Even if not viewed as presenting a jurisdictional bar, the ICSID Convention's prohibition against national courts issuing pre-award provisional measures, including attachments, would require dismissal of this action for failure to state a claim upon which relief can be granted. *See* Opp. at 15-17, 20-24, 31-32; Sur-Reply at 11-15.

Contrary to plaintiff's suggestion, the New York Convention does not displace the ICSID Convention's prohibition against national court's issuing pre-award attachments, any more than it displaces the FSIA's prohibition against prejudgment attachments against the property of foreign states or their instrumentalities. The New York Convention is inapplicable to ICSID arbitrations altogether. *See* Opp. at 15-17; 20-24, 31-32; Sur-Reply at 14-15.

### III.    THE COURT LACKS PERSONAL JURISDICTION OVER ENTEL

Since ENTEL is an agency or instrumentality of a foreign state, 28 U.S.C. § 1330(b) requires that, for there to be personal jurisdiction over ENTEL, there must be a "claim for relief in personam with respect to which the foreign state [defined to include agencies or instrumentalities by FSIA § 1603(a)] is not entitled to immunity either under sections 1605-1607 of [the FSIA] or under any applicable international agreement." *See, e.g., Cargill Int'l. S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1016 (2d Cir. 1993) (satisfaction of 28 U.S.C. § 1330(b)

---

[6] As required by the Convention's prohibition, the United States' implementing legislation, 22 U.S.C. § 1605a, only provides that "an *award* of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States." (emphasis supplied). This legislation therefore reinforces the limitation of subject matter jurisdiction over an ICSID claim to when there has been an "award" in an ICSID arbitration, which is not the case here; 28 U.S.C. § 1331 provides for subject matter jurisdiction over claims arising under treaties of the United States, but Congress has limited that jurisdiction to when there has been an ICSID award.

requirements is necessary for personal jurisdiction.) As shown above, plaintiff's claim for prejudgment attachment is not a claim permitted by sections 1605-1607 or applicable international agreements, both because of the FSIA's prohibition of prejudgment attachments and because sections 1605-1607 are otherwise inapplicable.

In addition to the requirements of 28 U.S.C. §1330(b), this Court's exercise of personal jurisdiction over ENTEL must satisfy the minimum contacts requirement of the due process clause, whether or not ENTEL is considered an FSIA instrumentality. *See* Opp. at 35 & n.27. Plaintiff bears the burden of establishing constitutional personal jurisdiction, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994), but has not and cannot meet that burden here. Plaintiff has neither alleged nor established the "continuous and systematic general business contacts" with New York (or, for that matter, the United States) required to support constitutional general jurisdiction, *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 416 (1984); and cannot establish constitutional specific jurisdiction, because its claim against Bolivia for damages in the ICSID arbitration does not arise out of ENTEL's tax debt to Bolivia or its contacts with New York or the United States. *See* Opp. at 35-37 and Sur-Reply at 15 - 18.[7]

## IV.    *BANCEC* REQUIRES DISMISSAL OF THE ACTION AGAINST ENTEL

Plaintiff has failed to state a claim upon which relief can be granted against ENTEL because plaintiff has failed to allege any basis for holding ENTEL, a corporation organized and existing under Bolivian law, Complaint, ¶5, liable on the arbitration award that plaintiff seeks exclusively against the Republic of Bolivia. Indeed, plaintiff has expressly disavowed any claim

---

[7] The Court is not confined to the pleadings on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *See e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d at 507.

that ENTEL is responsible on that award, whether as an *alter ego* of Bolivia, on any other veil-piercing theory, or otherwise. *See* Reply at 3, 15-17.

Instead, plaintiff expressly seeks by this action only to attach a supposed tax debt owed by ENTEL to the Republic of Bolivia. *See* Reply at 3, 15-17. This, however, does not state a claim against ENTEL at all. Rather, plaintiff is simply asserting that ENTEL is indebted to the party against whom plaintiff has a claim. On plaintiff's own admission, ENTEL is no more than a potential garnishee, to be served with an appropriate writ attaching or garnishing the debt assertedly owed by ENTEL to the Republic of Bolivia.

Plaintiff's has not asserted, and cannot assert, a claim against ENTEL because of *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) (commonly known as "*Bancec*") and its progeny. *See* Opp. at 24-29. In *Bancec*, the Supreme Court held that United States courts will not hold state-owned foreign corporations responsible for the debts and obligations of the foreign state, absent limited, exceptional circumstances. *Id.* at 626-27. The Court established a strong "presumption" in favor of honoring a state-owned corporation's separate juridical status that a plaintiff must overcome. *Id. at* 628; *see also*, *e.g.*, *De Letelier v. Republic of Chile*, 748 F.2d 790, 795 (2d Cir 1984). Plaintiff has the burden of overcoming this presumption and establishing that ENTEL may be held responsible for the Republic's debts and obligations, such as the arbitration award it seeks against the Republic. *See*, *e.g.*, *De Letelier v. Republic of Chile*, 748 F.2d at 795.

*Bancec* is fully applicable when a plaintiff seeks to seize the assets of the state-owned corporation to satisfy a judgment (or, as here, to secure satisfaction of a possible judgment) against the foreign state. In *De Letelier*, "[w]e [the Second Circuit] interpreted *Bancec* to establish a presumption that *assets of a foreign government instrumentality could not be executed*

*upon to satisfy a judgment against a parent foreign government.*  That presumption could be overcome *only* if the party seeking attachment *carried its burden* of demonstrating that the instrumentality's separate juridical status was not entitled to recognition." *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 477 (2d Cir. 2007) (emphasis added).  *See* Opp. at 24-28.

As plaintiff has pleaded, ENTEL is a corporation organized and existing under the laws of Bolivia.  Complaint, ¶ 5.  Under *Bancec* and its progeny, ENTEL therefore cannot be held responsible on the arbitral award (or any confirming judicial judgment) that plaintiff seeks against the Republic of Bolivia unless plaintiff has alleged (and established) facts establishing one of the narrow exceptions to the *Bancec* rule recognized by Supreme Court and Second Circuit precedent.  *See* Opp. at 24-29.[8]  Plaintiff's complaint makes no such allegations and, indeed, plaintiff has expressly disavowed any such claim.  Plaintiff therefore has failed to state a claim upon which plaintiff can be granted relief against ENTEL in this, an action exclusively to secure a possible arbitration award against the Republic of Bolivia.

## V.    PLAINTIFF HAS FAILED TO MEET THE JURISDICTIONAL AND OTHER REQUIREMENTS OF CPLR § 7502(c)

Plaintiff purports to state its claim for relief pursuant to CPLR §7502(c), which authorizes pre-award, prejudgment attachments to secure possible arbitration awards in certain circumstances.  However, plaintiff has failed to allege or establish the jurisdictional requirements of CPLR §7502(c): personal jurisdiction over the debtor-garnishee, here, ENTEL, and personal jurisdiction over the respondent in the arbitration proceeding, to whom the asserted tax debt is owed, here, the Republic of Bolivia.  *See* Sur-Reply at 15-19.

---

[8] A party must plead facts which, if true, would overcome the *Bancec* presumption and establish one of the recognized exceptions to the *Bancec* rule. *See, e.g., United States Fidelity and Guaranty Co. v. Braspetro Oil Services Co.*, 1999 WL 307666 at * 8 (S.D.N.Y. May 17, 1999) (Koetl, J.), *aff'd.* 199 F.3d 94 (2d Cir. 1999); *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 447 –48 (D.C. Cir. 1990).

14

Additionally, plaintiff has failed to state a claim under CPLR §7502(c) because a tax debt cannot be assigned or transferred, as is required by CPLR § 7502(c); and, by attempting to attach a tax debt owed to a foreign state, plaintiff, standing as it must in Bolivia's shoes, would violate the long standing rule prohibiting New York and federal courts from collecting a foreign state's taxes. *See* Sur-Reply at 18.

## CONCLUSION

For the foregoing reasons, and those set forth in the Republic of Bolivia's motion to dismiss this action, ENTEL's motion for an order dismissing, with prejudice, Plaintiff's Complaint for Attachment in Aid of International Arbitration and dissolving the *ex parte* order of prejudgment attachment issued herein on May 5, 2008 pursuant to said Complaint, together with an award of costs and attorneys fees, should be granted.

**ENTEL requests oral argument.**

Dated: July 11, 2008                    Respectfully submitted,

Of Counsel:                             Michael Krinsky (MK 4503)
                                        Eric M. Lieberman (EL 4822)
Jules Lobel                             RABINOWITZ, BOUDIN, STANDARD,
                                            KRINSKY & LIEBERMAN, P.C.
Adam Belsky
GROSS BELSKY ALONSO LLP                 Terry Gross (TG 3249)
                                        GROSS BELSKY ALONSO LLP

                                        *Attorneys for Empresa Nacional de*
                                        *Telecomunicaciones Entel S.A.*