

# ORRICK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
JUL 2 3 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001

tel 212-506-5000
fax 212-506-5151
WWW.ORRICK.COM

Robert L. Sills
(212) 506-5110
rsills@orrick.com

July 21, 2008

**MEMO ENDORSED**

*BY HAND*

Hon. Laura T. Swain
United States District Judge for
  the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 755
New York, New York 10007-1581



RECEIVED
JUL 2 2 2008
CHAMBERS OF
LAURA TAYLOR SWAIN

<u>E.T.I. Euro Telecom International N.V. v. Republic of Bolivia et al.</u>,
Civil Action No. 08-CV-4247 (LTS)

Dear Judge Swain:

      We are attorneys for Plaintiff E.T.I. Euro Telecom International N.V. ("ETI") in the above-entitled action.

      We write to request that the due date for ETI's response to Defendants' recently filed motions to dismiss Plaintiff's complaint, which currently is July 28th, be extended to 30 days after Your Honor decides ETI's pending motion to confirm the Court's May 5, 2008 *Ex Parte* Order of Attachment (the "May 5 Order"). Plaintiff has not made any prior request for an extension of its response date.

      The motions to dismiss raise the very same points that have already been extensively briefed in connection with ETI's motion to confirm the May 5 Order, as Defendants' own papers point out. (See, e.g., Entel's Memorandum Of Law In Support Of Motion To Dismiss at 3 ("ENTEL has already briefed the grounds for dismissal of the Complaint in its opposition to plaintiff's pending motion . . . .")). Accordingly, ETI anticipates that Your Honor's ruling on Plaintiff's motion to confirm will resolve the issues raised in Defendants' motions, and will likely render briefing of those motions unnecessary.

      Defendants have, nonetheless, rejected ETI's proposal that the motions to dismiss be deferred in the interests of judicial economy. Initially, instead of initiating an "exchange of letters outlining their respective legal and factual positions," and using "best efforts to resolve


ORRICK

Hon. Laura T. Swain
July 21, 2008
Page 2

informally the matters in controversy," as required by the Court's Individual Practices, Defendants first advised ETI, at the close of business two days before their motions were due to be filed, that they intended to move to dismiss. They did so by the attached e-mails. As reflected in the e-mails, Defendants' only proposal was that "ETI . . . withdraw its Complaint and Motion and request that the Court dissolve the *Ex Parte* Order of Attachment." We then proposed, during a teleconference, that Defendants defer filing their motions to dismiss until after the Court decides the pending motion to confirm the May 5 Order, and offered to enter into a stipulation to that effect.

Defendants rejected that proposal and filed their motions to dismiss, to which responses are now due on Monday, July 28, 2008. Last Friday, July 18, we contacted Defendants' counsel and proposed that ETI's time to respond to those motions be adjourned to 30 days (or some other mutually agreed period) after Your Honor rules on the motion to confirm, pointing out that it is virtually certain that further briefing of the motions to dismiss would not be required at that point. Defendants rejected this proposal too, although they did not deny that the motions to dismiss present the very same extensively briefed issues already before the Court, nor did they explain what purpose would be served by duplicative briefing.

ETI's proposal will serve the interests of judicial economy and avoid the unnecessary expenditure of time and effort by the parties, without prejudice to any party. Accordingly, ETI respectfully requests that the Court, by memorandum endorsement of this letter, direct that ETI's response to Defendants' motions to dismiss be made due 30 days after the date of the Court's decision on ETI's motion to confirm the May 5 Order.

[handwritten margin note: Request granted. /s/]

Respectfully,

Robert L. Sills
by RLS

Robert L. Sills

Attachments

Copies (by email) to
 Michael Krinsky, Esq.
 Janis H. Brennan, Esq.

SO ORDERED.

/s/ 7/22/08
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

**From:** Brennan, Janis [mailto:jbrennan@foleyhoag.com]
**Sent:** Wednesday, July 09, 2008 5:37 PM
**To:** Sills, Robert L.; Fink, Steven
**Cc:** Michael Krinsky; Reichler, Paul
**Subject:** ETI v. Bolivia and Entel -- SDNY Case No. 08-cv-4247 (LTS/FM)

Dear Bob and Steve, as you know, the schedule for the above action calls for Bolivia and Entel to respond to ETI's Complaint for Attachment in Aid of International Arbitration this Friday, July 11. On that date, Bolivia will be filing a motion to dismiss the complaint, based on lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA), 28 USC Section 1602 *et seq.*; failure to serve process as required by the FSIA; lack of personal jurisdiction; and failure to state a claim upon which relief can be granted. We believe that the bases for Bolivia's motion will be clear to you from its Opposition and Sur-Reply on ETI's Motion to Confirm the *Ex Parte* Order of Prejudgment Attachment.

Under Judge Swain's Individual Rule 2B, we are required to consult with you prior to filing the Motion to Dismiss, to determine whether any informal resolution is possible between the parties. Given the issues involved in this case and your and our client's positions thus far, it appears to us that the only possible resolution is for ETI to withdraw its Complaint and Motion and request that the Court dissolve the *Ex Parte* Order of Attachment. Please advise whether your client is prepared to do this.

I understand that, on Entel's behalf, Michael will be sending you an e-mail on the same subject as this one. Please let him and me know when we can have a three-party telephone conversation in compliance with Judge Swain's Rule 2(B) requirements. Thank you. Janis

Janis H. Brennan
Foley Hoag LLP
1875 K Street NW
Washington, D.C. 20006
Telephone: 202-261-7315

United States Treasury Regulations require us to disclose the following: Any tax advice included in this document and its attachments was not intended or written to be used, and it cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Foley Hoag LLP immediately -- by replying to this message or by sending an email to postmaster@foleyhoag.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.

For more information about Foley Hoag LLP, please visit us at www.foleyhoag.com.

**From:** Michael Krinsky [mailto:mkrinsky@rbskl.com]
**Sent:** Wednesday, July 09, 2008 5:40 PM
**To:** Sills, Robert L.; Fink, Steven
**Cc:** Brennan, Janis
**Subject:** ETI v. Republic of Bolivia and ENTEL

**Dear Bob and Steve,**

As you know, the schedule for the above action calls for Bolivia and Entel to respond to ETI's Complaint for Attachment in Aid of International Arbitration this Friday, July 11. On that date, Entel will be filing a motion to dismiss the complaint for lack of subject matter jurisdiction; lack of personal jurisdiction; failure to state a claim upon which relief can be granted, and failure to satisfy the jurisdictional and other requirements of CPLR 7502(c). We believe that the bases for ENTEL's motion are clear to you from Entel's Opposition and Sur-Reply on ETI's Motion to Confirm the *Ex Parte* Order of Prejudgment Attachment.

Under Judge Swain's Individual Rule 2B, we are required to consult with you prior to filing the Motions to Dismiss, to determine whether any informal resolution is possible between the parties. Given the issues involved in this case and your and our client's positions, it appears to us that the only possible resolution is for ETI to withdraw its Complaint and Motion, and request that the Court dissolve the *Ex Parte* Order of Attachment. Please advise whether you are prepared to do this.

Along with Janis, who is acting on behalf of the Republic of Bolivia, please let us know when we can have a three-party telephone conversation in compliance with Judge Swain's Rule 2(B)'s requirements.

Very truly yours,

Michael

Michael Krinsky, Esq.
Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C.
111 Broadway, 11th Floor
New York, NY 10006
(212) 254 1111 Ext. 102
mkrinsky@rbskl.com
www.rbskl.com

**From:** Sills, Robert L.
**Sent:** Thursday, July 10, 2008 12:05 PM
**To:** Michael Krinsky; Brennan, Janis
**Cc:** Fink, Steven
**Subject:** RE: ETI v. Republic of Bolivia and ENTEL

Janis and Michael-

We do not regard an email sent barely two days before your contemplated motion is due to be filed, and suggesting that the only acceptable "compromise" would be for our client to withdraw its case, as meeting the good faith requirement of Judge Swain's individual practices. Accordingly, we reserve our client's rights with respect to that issue.

I do not believe that there is any point in going through the formality of arranging a conference call at which you would request us to drop the pending case, and we would refuse. If, on the other hand, you would like to discuss a genuine compromise, Steve and I are generally available today and tomorrow to do so, by telephone or in person.

Regards,
Bob

---

**From:** Michael Krinsky [mailto:mkrinsky@rbskl.com]
**Sent:** Wednesday, July 09, 2008 5:40 PM
**To:** Sills, Robert L.; Fink, Steven
**Cc:** Brennan, Janis
**Subject:** ETI v. Republic of Bolivia and ENTEL

**Dear Bob and Steve,**

As you know, the schedule for the above action calls for Bolivia and Entel to respond to ETI's Complaint for Attachment in Aid of International Arbitration this Friday, July 11. On that date, Entel will be filing a motion to dismiss the complaint for lack of subject matter jurisdiction; lack of personal jurisdiction; failure to state a claim upon which relief can be granted, and failure to satisfy the jurisdictional and other requirements of CPLR 7502(c). We believe that the bases for ENTEL's motion are clear to you from Entel's Opposition and Sur-Reply on ETI's Motion to Confirm the *Ex Parte* Order of Prejudgment Attachment.

Under Judge Swain's Individual Rule 2B, we are required to consult with you prior to filing the Motions to Dismiss, to determine whether any informal resolution is possible between the parties. Given the issues involved in this case and your and our client's positions, it appears to us that the only possible resolution is for ETI to withdraw its Complaint and Motion, and request that the Court dissolve the *Ex Parte* Order of Attachment. Please advise whether you are prepared to do this.

Along with Janis, who is acting on behalf of the Republic of Bolivia, please let us know when we can have a three-party telephone conversation in compliance with Judge Swain's Rule 2(B)'s requirements.

Very truly yours,

Michael

Michael Krinsky, Esq.
Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C.
111 Broadway, 11th Floor
New York, NY 10006
(212) 254 1111 Ext. 102
mkrinsky@rbskl.com
www.rbskl.com