Michael Krinsky (MK4503)
Eric M. Lieberman (EL 4822)
RABINOWITZ, BOUDIN, STANDARD,
   KRINSKY & LIEBERMAN, P.C.
111 Broadway, 11th Floor
New York, New York 10006
Telephone: (212) 254-1111
Facsimile: (212) 674-4614

Terry Gross (TG 3249)
GROSS BELSKY ALONSO LLP
180 Montgomery Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 514-0200
Facsimile: (415) 544-0201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

E.T.I. EURO TELECOM
INTERNATIONAL, N.V.,

    Plaintiff,

    v.

REPUBLIC OF BOLIVIA, and EMPRESA NACIONAL
DE TELECOMUNICACIONES ENTEL S.A.,

    Defendants.

Case No. 08-cv-4247 (LTS)(FM)

---

## ENTEL'S RESPONSE TO PLAINTIFF'S POSITION
## ON FORM OF ORDER AND BOND

We respectfully write on behalf of Empresa Nacional de Telecomunicaciones Entel S.A. ("ENTEL") with respect to two points raised by plaintiff in its August 25th Reply Memorandum in support of its motion for reconsideration and for a stay pending appeal.

## FORM of ORDER

Plaintiff objects to ENTEL's proposed order implementing this Court's Memorandum Decision and Order dated July 30, 2008. ENTEL's proposed order, which the Clerk approved as to form and forwarded to Chambers, provides that the U.S. Treasury Department check to be drawn by the Clerk in favor of ENTEL be delivered to the undersigned counsel and delivered by counsel to ENTEL's legal representative and management in La Paz. Plaintiff suggests instead that the Clerk return the funds to the banks where they had been on deposit at the time of the attachments.

ENTEL is entitled to control of the funds, as provided for in its proposed order. Plaintiff's proposed disposition of the funds is inappropriate under any circumstance.

First, we have been advised by the Clerk that attached funds held by the Clerk are always returned by the Clerk's drawing a U.S. Treasury Department check payable to the party, *not* by the Clerk transferring funds to banks where they might have been held prior to the attachment and transfer to the Clerk.

Second, ENTEL's proposed order faithfully reflects the outcome of this litigation. ENTEL was served in La Paz, Bolivia as a defendant in plaintiff's action, and, as represented by the undersigned on the instructions of its post-intervention, post-nationalization legal representative and management situated in La Paz, has litigated this action, prevailed and is entitled to control over and use of the attached funds.

Third, plaintiff expressly claimed in this litigation that ENTEL, as so represented, did not have the right to control the funds, and hence had no right to contest their attachment. It claimed that this was so because the Bolivian State's intervention and nationalization of ENTEL assertedly violated international law for failure to provide compensation and because the

Bolivian State's acts purporting to transfer ownership of ETI's shares in ENTEL were supposedly ineffective and invalid under Bolivian law. *See* Plaintiff's Reply Memorandum, at 33-34. Plaintiff, however, did *not* prevail on that claim, which, like all of plaintiff's arguments for confirmation of the attachment were "considered thoroughly" and found to be "without merit" (Memorandum Opinion and Order at 7), and the Court necessarily held that ENTEL, as so represented, was entitled to claim the attached funds. Plaintiff cannot now deny effect to the Court's decision and, moreover, seek to split its claims between this and a second litigation.

Fairness and judicial economy preclude returning the funds to the three banks, as plaintiff suggests. This will only lead to one or both of the parties commencing a new litigation over control of the funds, or the banks beginning interpleader actions, with attendant but unnecessary delays and burdens (and, in the case of interpleaders, loss of value in the funds caused by the three stakeholder-interpleader's claims for attorney's fees and expenses.) The new action would be heard by this Court in any event as a related case. The matter, instead, should be resolved now, before this Court in the present action.

Final judgment should *not* be entered, or plaintiff otherwise allowed to appeal the Court's July 30's decision and order, until entry of ENTEL's proposed order or, if the Court deems it necessary, the Court's determination of control of the funds after further briefing. From any perspective, the Court of Appeals should not hear this controversy piecemeal in successive appeals.

## BOND PENDING APPEAL

Plaintiff incorrectly suggests that ENTEL is satisfied with the present bond in the event the Court grants plaintiff a stay pending appeal. This is far from the case. ENTEL has argued that no stay should be granted, whatever bond might be provided. However, if a stay is to be

3

granted, then plaintiff should be required to post a substantially larger bond. First, the bond should cover whatever costs, attorney's fees and damages the Court may award ENTEL and the Republic of Bolivia.

Second, and importantly, the bond should cover the additional damages that ENTEL will incur as a matter of law during the pendency of the appeal. As we have shown on our motion for costs, attorney's fees and damages, ENTEL is entitled as damages under N.Y. C.P.L.R. § 6212(e) to the difference between New York's legal rate of interest, 9% per annum, and the interest actually earned on the attached funds while attached. Once a final judgment is entered, that differential rate of interest is to be applied to the judgment amount, that is, the amount of the attached funds plus the amount of pre-judgment damages awarded by the Court.

$ 2,912,844 is the projected amount of damages for a one year period following judgment. This is derived by applying the prescribed legal rate of interest, 9%, less the current one-week Treasury bill rate (the rate applied by Court Registry Investment System ("CRIS")) of 1.65% for the funds at CRIS and the current JP Morgan Chase money market rate for the funds at Chase to the amount due ENTEL as of August 20, 2008 ($40,055,563, the attached funds plus damages through August 20 as calculated in the Krinsky Declaration, ¶¶ 14 - 21). To provide a margin of error, ENTEL requests that any bond should cover $ 3,250,000 in post-judgment damages.

Third and finally, the bond should cover ENTEL's likely attorney's fees and costs on the appeal, pursuant to N.Y. C.P.L.R. § 6212(e). ENTEL requests that $200,000 be added to the bond for these items.

## CONCLUSION

For the foregoing reasons, and those previously stated, the proposed Order submitted by ENTEL implementing this Court's Memorandum Opinion and Order should be adopted, and plaintiff should be required to post a bond in the amounts requested herein in the event the Court, contrary to ENTEL's position, grants a stay pending appeal.

Respectfully submitted,

*/s/ Michael Krinsky/LF*

Of Counsel:
Jules Lobel
3900 Forbes Avenue
Pittsburgh, PA 15260

Michael Krinsky (MK4503)
Eric M. Lieberman (EL 4822)
RABINOWITZ, BOUDIN, STANDARD,
  KRINSKY & LIEBERMAN, P.C.
111 Broadway, 11th Floor
New York, New York 10006
Telephone: (212) 254-1111
Facsimile: (212) 674-4614

Terry Gross (TG 3249)
GROSS, BELSKY & ALONSO LLP
180 Montgomery Street, # 2200
San Francisco, California 94104
Telephone: (415) 514-0200
Fax (415) 544-0201