UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

E.T.I. EURO TELECOM INTERNATIONAL
N.V.,

        Plaintiff,

-v-                                                  No. 08 Civ. 4247 (LTS)(FM)

REPUBLIC OF BOLIVIA, and EMPRESA
NACIONAL DE TELECOMMUNICACIONES
ENTEL S.A.,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff E.T.I. Euro Telecom International N.V. ("ETI" or "Plaintiff"), filed on August 1, 2008, for reconsideration of the Court's July 30, 2008, Order (the "July 30 Order") denying Plaintiff's motion to confirm the Court's May 5, 2008, <u>ex parte</u> order of attachment, and vacating said attachment. (Docket Entry No. 70.) In addition, Plaintiff requests that, in the event Plaintiff's motion for reconsideration is denied, the Court enter a final judgment dismissing Plaintiff's claims[1] and stay the July 30 Order pending appeal.[2]

---

[1]     As Plaintiff acknowledges in its moving brief, the July 30 Order essentially disposes "of the only issue presented" in Plaintiff's complaint. (Br. at 6.)

[2]     Plaintiff also moved for a stay of the July 30 Order pending resolution of the instant motion, which the Court granted in a Memo Endorsement dated August 11, 2008. (Docket Entry No. 74.)

    Defendant Entel also requests, in a "Response" which is essentially a Sur-Reply (Docket Entry No. 85), that Plaintiff post a substantially larger bond should a stay pending appeal be granted. In a letter dated August 28, 2008, counsel for Plaintiff noted correctly that Entel did not seek permission from the Court to file such a Sur-Reply. See Individual Practices Rule 2(F). In a letter dated August 29, 2008, counsel for Defendant Entel seeks to justify the necessity of its Sur-Reply and requests

Familiarity with the July 30 Order is presumed.

The Court has considered thoroughly the parties' submissions. For the reasons that follow, Plaintiff's motion for reconsideration is denied, judgment will be entered dismissing Plaintiff's claims, and the Court will enter an order vacating the attachment and authorizing the return of Entel's funds effective on or after September 19, 2008, in order to afford Plaintiff an opportunity to seek a further stay from the Court of Appeals for the Second Circuit pending its anticipated appeal to that Court.

A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice. See Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted); see also Fed. R. Civ. P. 60(b); S.D.N.Y. Local Civil Rule 6.3. Plaintiff's sole argument for reconsideration is that the Court overlooked evidence that Entel intends to use the attached funds to satisfy its tax debt to Bolivia. However, the Court squarely addressed Plaintiff's factual proffer when it explicitly stated that whether the New York accounts would ultimately be used to pay Entel's tax debt to Bolivia "does not automatically render such accounts equivalent to the debt."[3] (July 30 Order at 7.) Therefore,

---

    permission post facto to file same, but the letter fails to provide any indication that Entel's counsel consulted with all other parties in an effort to obtain their consent to the request, as required by Rule 1(A) of the undersigned's Individual Practices Rules, which is in place precisely to avoid the unnecessary back-and-forth that has transpired as a result of the Entel counsel's failure to adhere to the Individual Practices Rules. Accordingly, Defendant's request for permission to file the "Response" is denied, and the Court will disregard Entel's "Response."

3    Along the same vein, Plaintiff argues that the attached funds were in fact "earmarked" by Entel to satisfy its tax debt to Bolivia. The Court found in the July 30 Order that, "Nothing suggests that [the funds] were in any way earmarked, pursuant to any agreement or law, to entitle Bolivia to their contents." (July 30 Order at 6 (emphasis added).) Plaintiff points to no such agreement in the record, or to any legal principles,

Plaintiff has failed to demonstrate any clear error, nor does Plaintiff identify any intervening change of controlling law, new evidence warranting reconsideration, or any aspect of manifest injustice. Accordingly, Plaintiff's motion for reconsideration is denied.

Plaintiff requests that a final judgment dismissing Plaintiff's claims be entered should the Court deny Plaintiff's motion for reconsideration, even though Defendants' applications for costs, attorney's fees, and damages pursuant to N.Y. C.P.L.R. § 6212(e) are pending. Rule 54(b) of the Federal Rules of Civil Procedure authorizes the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." The July 30 Order addresses fully Plaintiff's request for relief sought in this action. An immediate appeal of the adjudication of Plaintiff's claims will bring about a faster resolution of the primary issue in this case and alleviate any further hardship resulting from any continued uncertainty over the substantial sums sought to be attached in this case, and an entry of partial final judgment will in no way prejudice Defendants' claims for costs, fees and damages, which are separate from the merits of Plaintiff's claims. Therefore, the Court finds that there is no just reason for delay in the entry of a final judgment dismissing Plaintiff's claims and directing the return of Entel's funds, and a judgment will be so entered. See <u>Harriscom Svenska AB v. Harris Corp.</u>, 947 F.2d 627, 629 (2d Cir. 1991); <u>Wilmington Trust Co. v. Aerovias de Mexico, S.A. de C.V.</u>, 893 F. Supp. 215, 223 (S.D.N.Y. 1995).

Lastly, Plaintiff requests that the July 30 Order be stayed pending appeal, pursuant to Rule 62(c). The four factors to be considered in issuing a stay pending appeal are:

---

that would suggest that Bolivia was entitled, by virtue of such agreement or law, to the contents of the New York bank accounts. Therefore, Plaintiff's argument identifies no clear error in the July 30 Order in this respect.

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007). "The degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." Id. (citations and quotations omitted). "The burden of establishing a favorable balance of these factors is a heavy one . . . ." Barcia v. Sitkin, No. 79 Civ. 5831 (RLC), 2004 WL 691390, *1 (S.D.N.Y. Mar. 31, 2004).

With respect to the first factor, Plaintiff has failed to make any showing that it is likely to succeed on the merits. None of Plaintiff's voluminous submissions, including its initial motion to confirm attachment, its Reply, its Sur-Sur-Reply, and its moving papers in connection with the instant motion, have addressed the straightforward issue of whether one may attach the assets of an entity in aid of arbitration, when that entity is not even a party to the arbitration proceeding. Nor have any of Plaintiff's submissions addressed the undisputed fact that Bolivia has not waived its sovereign immunity in connection with prejudgment attachments, should the Court in any way consider the attached funds to be the property of Bolivia. For these reasons, and for the reasons explained in the July 30 Order, the Court finds that Plaintiff has made a minimal showing, if any, that it is likely to succeed on the merits.

The second factor examines whether the stay applicant will be irreparably harmed absent a stay. Plaintiff argues that, without the attachment of Entel's New York accounts, no assets will be available to Plaintiff to satisfy an award that may be granted in the ICSID arbitration proceeding against Bolivia. Plaintiff's prediction of irreparable harm is far too speculative and is conditioned on a chain of events that Plaintiff has failed to demonstrate are likely to occur.

With respect to whether a stay will substantially injure the other parties interested in the proceeding, Plaintiff and Defendants have proffered numerous declarations disputing the extent of harm that has resulted, and will result, to Entel as a result of the attachment. The Court is therefore unable to resolve this factor in favor of either side at this stage.

The last factor concerns where the public interest lies. Plaintiff asserts that a stay should be granted because there is a strong public interest in protecting assets in the United States from being taken by foreign sovereigns without just compensation. See <u>Bandes v. Harlow & Jones, Inc.</u>, 582 F.2d 661, 667 (2d Cir. 1988). The Court notes that Plaintiff's argument in this regard is inconsistent with the premise of its position as to its entitlement to attachment, i.e., that Entel's assets belong to Bolivia and therefore can be called upon to satisfy a judgment against Bolivia. As explained in the July 30 Order, however, Plaintiff has failed to demonstrate that Entel's assets can properly be treated as Bolivia's property. There is a strong public interest in not permitting attachments of a third party's assets in aid of an arbitration award, when no award is being sought against that third party. For these reasons, Plaintiff has failed to demonstrate that the public interest tips in favor of a stay.

Plaintiff has failed to show that any of the factors weighs significantly in its favor. The Court therefore concludes that a stay pending appeal is not warranted. The Court will, however, delay the authorization of the return of Entel's funds for fourteen days, to permit Plaintiff to make an application to the Second Circuit for a stay pending appeal.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied, Plaintiff's claims are dismissed with prejudice and, an Order Directing Clerk as to Disposition of

Attached Funds substantially in the form submitted by Entel on July 31, 2008, and providing for the return to Entel of the attached funds on or after September 19, 2008, will be entered. There being no just reason for delay in the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to the foregoing matters, the Clerk of Court is respectfully requested to enter judgment dismissing Plaintiff's claims and terminate Docket Entry No. 70. Accordingly, Defendants' motions to dismiss the complaint are denied as moot, and the Clerk of Court is also respectfully requested to terminate Docket Entries Nos. 56 and 58. The Court retains jurisdiction of Defendants' applications for costs, fees and damages.

SO ORDERED.

Dated:   New York, New York
         September 4, 2008

LAURA TAYLOR SWAIN
United States District Judge